IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXIS GADEA GONZALEZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-20-983-C ) |
| SALINAS PROFESSIONAL SERVICES, an Oklahoma Domestic Limited Liability Company, and PROGRESSIVE NORTHERN INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action in state court, bringing claims against each Defendant related to insurance coverage or the lack thereof on a vehicle he owned. Plaintiff was driving a pickup he owned when he was involved in a single-vehicle accident that damaged property owned by the Oklahoma Department of Transportation ("ODOT"). When ODOT sought to recover from Plaintiff, he turned to Defendant Progressive. Defendant Progressive denied the claim, stating Plaintiff's policy did not provide coverage for the loss. Ultimately, ODOT obtained a Judgment against Plaintiff. Plaintiff then filed the present action. Defendant Progressive removed the action on the basis of diversity jurisdiction, arguing that Defendant Salinas was fraudulently joined. Plaintiff has filed a Motion to Remand arguing he has valid claims against Defendant Salinas.

As the party invoking removal jurisdiction of the federal court, Defendant Progressive bears a substantial burden of proof. In fact, there is a "presumption against its existence." Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974) (citing

City of Lawton v. Chapman, 257 F.2d 601 (10th Cir. 1958)).  To invoke subject matter jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332(a) requires that Defendant Progressive show "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  There is no dispute regarding the amount in controversy.  Plaintiff argues only that complete diversity is not present, and therefore, the Court must remand.

In the Notice of Removal, Defendant Progressive argued the diversity requirement was met because Defendant Salinas had been fraudulently joined and consequently was not relevant to the diversity inquiry.  To establish fraudulent joinder, Defendant Progressive must show either:  "'1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"  Hernandez v. Liberty Ins. Corp., 73 F. Supp. 3d 1332, 1336 (W.D. Okla. 2014) (quoting Dutcher v. Matheson, 733 F.3d 980, 988 (10th Cir. 2013)).  A successful showing of fraudulent joinder based on the second theory requires a defendant to bear the heavy burden of showing "there is no possibility that Plaintiff would be able to establish a cause of action against the [non-diverse] defendants."  Id. (citations omitted).  If there is even "a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant" then the case must be remanded.  Nerad v. AstraZeneca Pharms., Inc., 203 F. App'x 911, 913 (10th Cir. 2006).  "A 'reasonable basis' means just that:  the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law."  Id.

In contrast to the "reasonable basis" showing required for a successful claim, the non-liability of the defendants alleged to be fraudulently joined must be established with "complete certainty."  See Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F.2d 879, 882 (10th Cir. 1967); Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964).  To determine the applicable claims and defenses, the Court must "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Smith v. Allstate Vehicle & Prop. Ins. Co., No. CIV-14-0018-HE, 2014 WL 1382488, at *1 (W.D. Okla. Apr. 8, 2014) (internal quotation marks and citations omitted).

Plaintiff brings three claims against Defendant Salinas:  1) Errors and Omissions of Professional Services; 2) Negligent Business Practices; and 3) Fraud.  The Errors and Omissions claim asserts that Defendant Salinas failed to procure insurance as requested.  The negligence claim asserts that due to negligence in sales and billing practices, Defendant Salinas deprived Plaintiff of the insurance coverage he bargained for and purchased.  Finally, the fraud claim alleges that Defendant Salinas made a material representation that it had sold Plaintiff a policy complying with Oklahoma's compulsory insurance law, while knowing that claim was false.

Defendants argue that documents filed with the Notice of Removal reflect that the insurance requested was precisely what was provided and therefore Plaintiff cannot now complain of wrongdoing by Defendant Salinas.  This argument fails, as it requires the evidence be viewed in the light most favorable to Defendants.  Of course, viewing the evidence in that manner is improper at this stage.  Defendants also direct the Court to the

transcript of a telephone call between its agent and Plaintiff's mother-in-law, Ms. Corillo.[1] Defendants argue this transcript clearly and unequivocally demonstrates that Ms. Corillo removed coverage from the policy and therefore there is no coverage for Plaintiff's loss. Defendants argue it was this act, and not some failure by Defendant Salinas, which left Plaintiff without coverage. Again, Defendants fail to view the evidence in the proper light. When viewed in the light most favorable to Plaintiff, the transcript supports the following: Ms. Corillo questioned the agent as to why her premium recently increased. The agent noted that coverage for bodily injury and property damage was recently added. (Dkt. No. 5, Exh. 7, pp. 8-9). Ms. Corillo noted her belief that coverage was already provided by the "full coverage" policy she had previously obtained from Defendant Salinas. (Id.) After further discussion, Ms. Corillo requested removal of the recently added coverage. The agent then assured her she would still be covered if a covered auto damaged someone else's property. (Id. at p. 10). Viewed in this light, a reasonable jury could find that Ms. Corillo believed that the insurance she purchased from Defendant Salinas would cover Plaintiff's loss because she had purchased "full coverage." Defendants argue that Plaintiff fails to provide any evidence to support his position. However, as noted above, the burden is not on Plaintiff but on Defendants. See Dutcher, 733 F.3d at 988. Defendants' reliance on declaration pages and application pages from the initial purchase from Defendant Salinas offers no support to Defendants' position. Those documents do not reveal any information

---

[1] Ms. Corillo purchased the insurance policy. However, Plaintiff is listed as a driver and insured under the policy.

about what Ms. Corillo was told by Defendant Salinas about the scope of coverage she purchased. Ms. Corillo's statements made in the transcript clearly suggest her belief was that the coverage she purchased was much broader than that now argued by Defendants. Thus, there is at least some possibility that a jury could find in her favor on any of the three claims. Consequently, Defendants have failed to establish the joinder of Defendant Salinas is fraudulent. There is not complete diversity and the Court lacks jurisdiction to consider this matter. Remand is required.

## **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion to Remand (Dkt. No. 8) is GRANTED. The Court Clerk shall take the necessary steps to immediately return this action, including Defendant Progressive Northern Insurance Company's Motion to Dismiss (Dkt. No. 5) and Defendant Salinas Professional Services' Special Appearance and Motion to Dismiss (Dkt. No. 6), to the District Court of Oklahoma County, State of Oklahoma.

IT IS SO ORDERED this 22nd day of December, 2020.

ROBIN J. CAUTHRON
United States District Judge